# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>RAMIRO IVAN PARRA-GAMEZ<br><br>　　　　　　　Defendant. | CASE NO. 13cr2669 JM<br><br>ORDER DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. §2255; DENYING CERTIFICATE OF APPEALABILITY |

On September 15, 2014, Defendant filed a motion for downward departure and a motion to reduce sentence pursuant to 28 U.S.C. §2255 ("Motion"). For the reasons set forth below, the court denies the motion brought pursuant to 28 U.S.C. §2255, denies the motion for reduction of sentence as moot, and denies a certificate of appealability.

## BACKGROUND

On July 18, 2013, Defendant, a Mexican citizen, was indicted on one count of possession of methamphetamine (16.5 kilograms) with intent to distribute in violation of 21 U.S.C. §841(a)(1). On September 19, 2013, the parties entered into a Fast-Track Plea Agreement wherein Defendant pled guilty to a superseding indictment charging him with possession of a detectable amount of methamphetamine in violation of 21 U.S.C. §841(a)(1). Among other things in the Plea Agreement, Defendant waived his

right to appeal or to collaterally attack his sentence and he specifically acknowledged that the sentence imposed was a matter to be determined by the judge assigned to the case and not the parties. On December 13, 2013, Defendant was sentenced to the custody of the Bureau of Prisons for a period of 44 months, followed by three years supervised release.

## DISCUSSION

### I. 28 U.S.C. § 2255 Review

Claims for relief under 28 U.S.C. § 2255 must be based on a constitutional error, a jurisdictional error, a defect resulting in a miscarriage of justice, or an unfair procedure. 28 U.S.C. § 2255(a); United States v. Timmreck, 441 U.S. 780, 783-84 (1979). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." The court does not need to hold an evidentiary hearing or obtain a response from the government. See 28 U.S.C. § 2255; United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986).

### II. Waiver

Defendant waived his right to collaterally attack his sentence. Contract law standards govern the validity of plea agreements. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir. 1990). A defendant validly waives his appellate rights if the language of the waiver encompasses his right to appeal on the grounds raised and he knowingly and voluntarily agrees to waive those rights. United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011). A waiver provision barring a defendant from seeking collateral relief under a § 2255 motion is valid and enforceable. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); see United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir. 1990) (reasoning the public policy of finality supports upholding waivers in plea agreements). Defendant validly waived his right to collaterally attack his sentence when he executed a plea agreement expressly waiving

his right to appeal or to collaterally attack his conviction and sentence unless the court imposed a custodial sentence greater than the high end of the guideline range recommended by the government. The waiver applies because, at sentencing, the court imposed a sentence less than the recommended guideline range recommended by the Government. The record reveals that Defendant's waiver was knowing and voluntary.

Accordingly, the court dismisses the Motion.

### III. The Motion for a Downward Departure

Defendant has also filed a motion for downward departure. The court denies this motion as moot because, prior to entry of judgment, on December 2, 2013, Defendant filed a successful motion for downward departure. The court notes that the Probation Officer recommended a custodial sentence of 108 months and the United States recommended a sentence of 87 months. The actual sentence imposed, 44 months, is substantially below that recommended by either the Probation Officer or the United States. In sum, the court denies this motion as moot.

### IV. Certificate of Appealability

For the reasons set forth herein, Defendant fails to make a substantial showing of the denial of a constitutional right. Accordingly, the court denies any request for a certificate of appealability. See 28 U.S.C. §2253(c)(2).

In sum, the court denies the motion in its entirety, denies the motion for downward departure as moot, and denies a certificate of appealability. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: October 17, 2014

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties