UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>v.<br><br>RAMIRO IVAN PARRA-GAMEZ,<br><br>                          Defendant. | Case No.:  13cr2669 JM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

Defendant Ramiro Ivan Parra-Gamez moves, pro se, for a sentence reduction on the basis of Amendment 782 to the United States Sentencing Guidelines ("the Guidelines" or ("U.S.S.G.").  (Doc. Nos. 44, 46.)  Amendment 782 revised the Drug Quantity Table in Guidelines section 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses.[1]  For the following reasons, the court denies Defendant's motion.

## DISCUSSION

In general, a criminal sentence is final upon completion of direct review, and the

---

[1] Amendment 788 made Amendment 782 retroactive to previously sentenced defendants, limiting the effective date to November 1, 2015.  See U.S.S.G., supp. App'x. C, amend. 788 (2014); U.S.S.G. § 1B1.10.

sentencing court thereafter lacks authority to revisit it.  <u>Dillon v. United States</u>, 560 U.S. 817, 821 (2010); <u>United States v. Leniear</u>, 574 F.3d 668, 673 (9th Cir. 2009).  However, Congress created a limited exception to this rule in 18 U.S.C. § 3582(c), authorizing district courts to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  <u>United States v. Dunn</u>, 728 F.3d 1151, 1155 (9th Cir. 2013).  In such circumstances, a two-step analysis applies.  <u>Dillon</u>, 560 U.S. at 827.  First, the court must determine "the amended guideline range that would have been applicable to the defendant if the relevant amendment had been in effect at the time of the initial sentencing."  <u>Id.</u>  If the defendant is eligible for a sentence modification, the court must next consider any applicable factors under 18 U.S.C. § 3553 to determine whether a modification is warranted.  <u>Id.</u>  But the court must "leave all other guideline application decisions unaffected" and ensure that reductions are "consistent with applicable policy statements issued by the Sentencing Commission."  <u>See generally</u> U.S.S.G. § 1B1.10.

     Here, Defendant pled guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  Pursuant to Defendant's plea agreement, the court determined that Defendant's base offense level was 38.  After a 3-point reduction for acceptance of responsibility, a 2-point deduction for safety valve, and a 2-point reduction for fast track, Defendant's total offense level was 31.  With a criminal history category of I, Defendant's Guidelines range was 108 to 135 months.  The court varied downward and sentenced Defendant to 44 months.  Under the post-Amendment 782 Guidelines, Defendant's base offense level is 36 rather than 38, and his total offense level is 29 rather than 31.  With the same criminal history category, Defendant's amended Guidelines range is 87 to 108 months.  Thus, Defendant's original sentence is lower than the bottom of the amended Guidelines range.  Because "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of  the amended guideline range," U.S.S.G. § 1B1.10(b)(2)(A), Defendant is not eligible for a further reduction.

# CONCLUSION

For the foregoing reasons, the court denies Defendant's motion to reduce his sentence.

IT IS SO ORDERED.

DATED: October 31, 2016

JEFFREY T. MILLER
United States District Judge